### BELROSE REALTY CO. v. MAIER.

(Supreme Court, Appellate Term, First Department. December 4, 1913.)

LANDLORD AND TENANT (§ 124*)—APPURTENANCES.

Where by the terms of a lease of an apartment the use of a toilet room by defendant was appurtenant to the premises occupied, she was not subject to summary proceedings to evict her therefrom as a squatter, under Code Civ. Proc. § 2232, providing that in certain specified cases a person who holds over after notice to quit may be removed by summary proceedings.

. [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 437–440; Dec. Dig. § 124.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

---

Action by the Belrose Realty Company against Antoinette Maier. From an order of eviction by the Municipal Court, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Horace Hord, of New York City, for appellant.

Samuel Bitterman, of New York City, for respondent.

PER CURIAM.  Defendant appeals from a final order in summary proceedings removing her as a squatter from possession of a toilet room in the rear of premises demised by her.

The terms of the lease indicate that use of the toilet room by the defendant as appurtenant of the premises occupied by her was plainly contemplated.  As the provisions of section 2232 of the Code of Civil Procedure do not apply to such a case, the order was improperly made, and must be reversed, and a new trial ordered, with costs to appellant to abide the event.